**Ex parte Donald Wayne LOWE.**

**No. 59346.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 15, 1978.

Thomas D. White (on appeal only), Houston, for appellant.

No attorneys for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

Appeal is taken from an order denying release in a habeas corpus proceeding in which appellant sought release on bail pending appeal from an order revoking probation.

The record reflects that on December 5, 1977 the appellant was convicted of the offense of burglary of a habitation. The jury assessed punishment at ten (10) years in the Department of Corrections. On February 14, 1978 the trial court suspended the sentence and placed the defendant on probation for the term of the said sentence.

Appellant's probation was subject, among other things, to the following conditions:

"A. Commit no offense against the laws of this state or of any other State or of the United States;

"B. Avoid injurious or vicious habits and completely abstain from the consumption of alcohol in any form, publicly or privately, as well as, completely abstain from consumption of any other mind altering drugs.

\* \* \* \* \* \*

"G. Remain within the limits of Brazoria County, Texas except for trips out of the county for the purpose of receiving medical care or treatment by his physicians. If for good and sufficient reasons, probationer herein desires to change his residence within the State, he shall file an application to his supervising probation officer, which transfer will be subject to the Court's consent and regulations as the Court may require in the absence of a probation officer in the locality to which the probationer is transferred;

\* \* \* \* \* \*

"J. He be placed under a curfew and the Defendant is required to remain in his residence or place of habitation every night between the hours of 11:00 o'clock P.M. and 6:00 o'clock A.M. of the following day.

\* \* \* \* \* \*"

Although this habeas corpus record does not include the motion to revoke probation, it clearly reflects that on April 10, 1978 a hearing was held before the trial court which found that the appellant had violated the terms and conditions of his probation. In revoking appellant's probation, the trial court made these findings concerning probationary violations five days after probation was granted:

"A. That the Court finds the defendant, *DONALD WAYNE LOWE*, did on or about February 19, 1978, in Pasadena, Harris County, Texas, unlawfully intentionally and knowingly appear in a public place under the influence of alcohol to the degree that said defendant might endanger himself and others.

"B. That the Court finds the defendant, DONALD WAYNE LOWE, did consume alcohol on or about February 19, 1978, in Pasadena, Harris County, Texas.

"G. That the Court finds the defendant, DONALD WAYNE LOWE, did leave the limits of Brazoria County, Texas and enter into Harris County, Texas on or about February 19, 1978, without the consent of or knowledge of the Court or his probation officer and for a purpose other than receiving medical care and treatment by his physicians.

"J. That the Court finds the defendant, DONALD WAYNE LOWE, on or about February 19, 1978, in Harris County, Texas was out of his residence and place of habitation between the hours of 11:00 o'clock P.M. and 6:00 o'clock A.M. towit: 3:30 A.M."

Sentence was imposed and notice of appeal given. The record further reflects that on July 28, 1978 the trial court denied appellant's request for bail pending appeal, concluding that his dependence upon alcohol would likely lead him to commit other offenses while on bail.

■ Appellant first contends that the trial court abused its discretion in refusing to set bail. Article 44.04(c), V.A.C.C.P., provides that:

"Pending the appeal from any felony conviction *where the punishment does not exceed fifteen years' confinement,* the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant *would not appear when his conviction became final or is likely to commit another offense while on bail,* permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction be-

comes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail." (Emphasis supplied.)

The record in the instant case clearly supports the trial court's conclusion that the appellant would likely commit other offenses while on bail. The psychiatric evidence referred to by the trial court in its findings provided a direct causal link between appellant's alcohol addiction and his criminal activities. We conclude that no abuse of discretion has been shown or asserted. Appellant's first ground of error is overruled.

 Relying on Article I, § 11 of the Texas Constitution, the appellant next claims that the denial of bail in this case is unconstitutional. This court has held that Article I, § 11 of the Texas Constitution, which provides that: "All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident," has reference to prisoners before conviction, and that prisoners after conviction are not guaranteed the right to bail pending appeal. *Nielssen v. State*, 446 S.W.2d 882 (Tex.Cr. App.1969); *Ex parte McBride*, 108 Tex.Cr. App. 618, 2 S.W.2d 267 (1928). Moreover, appellant concedes that pursuant to Article 44.04, supra, the trial court may deny bail when it would appear likely that the defendant would commit another offense while on bail. As we concluded above, the record before us clearly supports the trial court's decision in this cause.

Finding no reversible error, we affirm the judgment.