**EX PARTE Rudolph G. MENDIOLA.**

**No. 04–97–00861–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 14, 1998.

**626**

Mark Stevens, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, STONE and GREEN, JJ.

## OPINION

STONE, Justice.

Rudolph Mendiola appeals from the denial of bail pending appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04(g) (Vernon Supp.1998). Mendiola was convicted of indecency with a child and was sentenced to a twelve-year prison term. He timely perfected his appeal and filed a motion to set bail pending appeal. The trial court denied the motion based upon the belief that Mendiola was likely to commit another crime while on bail. *See id.* art. 44.04(c).

### STANDARD OF REVIEW

█ We review the trial court's decision of under an abuse of discretion standard. *Ex Parte Spaulding*, 612 S.W.2d 509, 511 (Tex.

Crim.App.1981). In determining whether the trial court abused its discretion, we do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was made without reference to any guiding rules or principles or, in other words, whether the decision was arbitrary or unreasonable. *See Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). Even if this court would have reached a different result, we will not intercede as long as the trial court's ruling was within the "zone of reasonable disagreement." *Id.* at 391 (op. on reh'g); *Gottson v. State,* 940 S.W.2d 181, 187 (Tex.App.—San Antonio 1996, pet. ref'd).

### RIGHT TO BAIL PENDING APPEAL

█ Convicted felons are not guaranteed the right to bail under the constitution. *Ex Parte Lowe,* 573 S.W.2d 245, 247 (Tex.Crim. App. [Panel Op.] 1978); *see* TEX. CONST. art. I, § 11 (providing for pre-trial right to bail in all criminal offenses with exception of capital offense when proof evident of commission thereof makes possible imposition of death penalty). The right to bail pending appeal is a creation of the legislature. Article 44.04(b) of the Code of Criminal Procedure renders a convicted felon ineligible for bail pending appeal where punishment in excess of 15 years confinement has been assessed. TEX.CODE CRIM. PROC. ANN. art. 44.04(b) (Vernon Supp. 1998). In cases where the assessed punishment is 15 years or less, bail is subject to denial under the trial court's discretion. Statutorily, the trial court may deny bail if good cause exists to believe that the defendant will not appear when his conviction becomes final or there is good cause to believe that the defendant is likely to commit another offense while on bail. *Id.* art. 44.04(c).

### ABUSE OF DISCRETION

At the bail hearing, Mendiola offered evidence pertaining only to flight risk; his perceived lack of risk. To this end, Mendiola noted that he had successfully made all pretrial and trial court appearances, and lived under electronic monitoring without violating his conditions of supervision. Several other individuals, including acquaintances and one

other family member, testified that Mendiola could be trusted to remain in San Antonio and appear if and when his conviction became final. Elizabeth Mendiola–Castillo, Mendiola's daughter with whom he lived throughout the pre-trial and trial proceedings, testified about her father's strong family ties to San Antonio, his long work history, his poor health conditions, and his success under the electronic monitoring system. We note that the limitations of the electronic monitoring system were explored at the hearing. Veronica Salinas, a Bexar County pretrial bond officer who supervises monitored individuals, testified that a system violation is detected only if the defendant leaves the monitored zone. Thus, within the monitored zone, the defendant can theoretically commit offenses without detection. In connection with this arguable deficiency in the monitoring system, the State pointed out that if released on bond, Mendiola would likely live with his daughter who lives one block from a children's learning center. Elizabeth testified that her father would be unsupervised during the day.

The State did not dispute or otherwise respond to Mendiola's argument concerning flight risk. Rather, the State focused on the second independent ground for denial of bail stated in article 44.04(c): Mendiola's likelihood to commit another crime while on bail. The State asked the court to take judicial notice of witness testimony admitted in the main trial, and argued that such testimony satisfied article 44.04(c)'s second prong. The court considered the testimony of the complainant's mother, Joy Anthony, describing how she learned about the allegations of sexual abuse. Joy testified that she was reading a newspaper article about a convicted sex offender. Her daughter inquired about the article and the individual. Joy explained who he was and why he was convicted. Joy then asked her daughter if she had ever been touched inappropriately to which the daughter affirmatively responded. Eventually the daughter told Joy that Mendiola had fondled her. Joy's testimony was

introduced during the guilt/innocence phase of the trial with most of it, if not all of it, coming in without objection. *See Burroughs v. State*, 611 S.W.2d 106, 108 (Tex.Crim.App. [Panel Op.] 1981) (reversing denial of bail because decision rested solely upon inadmissible objected-to hearsay statements).

The court also took notice of the testimony of J.P. and A.M. These girls both testified during the punishment phrase about Mendiola's sexual contact with them. A.M., Mendiola's great niece, testified that Mendiola fondled her several times in 1991–1992. J.P., Mendiola's neighbor, also testified that Mendiola fondled her several times in 1991. These molestations allegedly occurred when Mendiola's wife was babysitting the children and their siblings. These witnesses were both subjected to cross examination.

Mendiola argues that the above-mentioned testimony does not establish the likelihood that he would commit another offense while on bail, and therefore, the trial court abused its discretion in denying his motion for bail.[1] Specifically, Mendiola contends that the witness testimony relates only to past conduct; it does not relate to or demonstrate the probability that he will commit future crimes. In addition to attacking the probative value of such testimony, Mendiola also questions whether it is appropriate to consider the nature of the underlying offense when determining whether bail is appropriate. *See Ex Parte Mendoza*, 414 S.W.2d 666, 668 (Tex. Crim.App.1967); *Ex Parte Davila*, 623 S.W.2d 408, 409 n. 2 (Tex.Crim.App.1981). Mendiola further attacks the witness testimony by challenging its weight. He notes that J.P. and A.M. both waited years before lodging their allegations and that their testimony was not corroborated by physical evidence. In sum, Mendiola argues that the trial court had before it testimony of past extraneous offenses and evidence of his successful compliance with electronic monitoring, which when considered together, do not support a finding of the likelihood that Mendiola would continue to offend if placed on bail. *See Ex*

---

1. As briefed, Mendiola also argued that there was no evidence of flight risk. At oral argument, Mendiola acknowledged that the trial court's decision was based solely upon its belief that he

was likely to commit another offense while on bail, not flight risk. Thus, our discussion is limited to whether the denial of bail was appropriate on that sole basis.

*Parte Spaulding,* 612 S.W.2d at 511. We reject these contentions.

First, *Ex Parte Spaulding* is instructive to the instant case only to the extent it properly states and applies the applicable standard of review, not for any factual similarities Mendiola attempts to draw. In that case, bail pending appeal had been denied by the trial court on the belief Spaulding would not appear when his conviction became final. *Id.* In support of this conclusion, the trial court noted that Spaulding had previous convictions and arrests, was mentally unstable, and had no ties to the community. *Id.* The court of criminal appeals reversed the trial court's decision finding that the record did not contain evidence of flight risk: the express reason for the denial of bail. *Id.* Unlike *Ex Parte Spaulding,* the record in the instant case does support the basis upon which bail was denied. That is, the record contains evidence from which the trial court could find that Mendiola could commit crimes if placed on bail. There is testimony that Mendiola molested the complainant on at least one occasion and molested two other girls several times. The determination of credibility of the witnesses and the weight to be given such testimony was an issue for the trial court, not this court.

■ Next, we find that the court's consideration of the nature of the underlying offense in reaching its decision was proper given the dictates of article 44.04(c). In both *Ex Parte Mendoza* and *Ex Parte Davila,* the appellants questioned whether the trial court should consider the underlying offense when determining the appropriate amount of bail. *Ex Parte Mendoza,* 414 S.W.2d at 668; *Ex Parte Davila,* 623 S.W.2d at 409 n. 2. In that context, the concern is with assuring the defendant's appearance at subsequent proceedings; thus, arguably, the nature of the crime would not necessarily be relevant. Here, because article 44.04(c) allows the denial of bail upon the belief of the likelihood or the probability that the defendant will commit a crime while on bail, it is logical that the nature of the offense is relevant.

■ Finally, the trial court had before it testimony that Mendiola, if released, would likely be living near young children unsupervised during the day. Even if electronic monitoring was re-established, it would not be unreasonable for the trial court to believe that Mendiola would likely commit crimes given the testimony regarding the system's apparent deficiencies coupled with the testimony that Mendiola victimized several girls. Based on this record, we are unable to find that the trial court acted without reference to any guiding rules or principles, or that the trial court's decision was arbitrary or unreasonable. *See Montgomery,* 810 S.W.2d at 380. The trial court's decision lies within the zone of reasonable disagreement, and as such, we will not disturb it. *See id.* at 391.

The order of the trial court is affirmed.