Christopher Paul **MOLINA**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 08–98–00332–CR.**

Court of Appeals of Texas, El Paso.

July 15, 1999.

David P. Zavoda, Odessa, for Appellant.

Randall W. Reynolds, District Attorney, Pecos, for State.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

Appellant Christopher Paul Molina appeals from the trial court's order setting his appeal bond at $15,000. We affirm the trial court's order.

## FACTS

Molina was convicted of the aggravated kidnaping of his ex-wife, and of the aggravated assault of a relative of his ex-wife. He was sentenced to five years incarceration with no fine in each case. At the hearing on his motion to set appeal bond, Molina testified that he had been incarcerated since January 22, 1998, the date of the offense. Molina noted that he had lived in Ward County, where the offenses were committed, all of his life except for time that he was in the military. At the time of the hearing, Molina did not own any real estate, vehicles, boats, furniture, stocks, bonds, or certificates of deposit, nor did he have any cash on hand or in any account except for $10 in his commissary account at the Ward County Jail. He had talked with his family, and they could afford to pay 10 percent of a $5,000 bond for each conviction. Other than his family, Molina had no one from whom he could borrow money. Molina acknowledged that the two victims of the offenses still "have a lot of emotional baggage" stemming from the offenses.

The State asked the trial court to take judicial notice of the evidence, including the victims' testimony, that had been introduced at trial. The trial record is not before us, but the prosecutor summarized for the trial court, without objection, the evidence he wished the trial court to recall. The evidence included testimony that Molina had been drinking and using cocaine the day of the offense and that Molina had similar trouble with the law during a previous divorce.

## DISCUSSION

In his single point of error, Molina contends that the trial court erred in setting his appeal bond at $15,000, an amount he testified he could not afford, and in adding conditions to his bond which increased the financial burden upon him. The appellant's ability to make a particular level of bond, however, is only one of seven factors relevant to appeal bonds articulated by the Court of Criminal Appeals in *Ex parte Davila*.[1] The complete list of factors includes:

1. Punishment assessed;

2. Nature of the offense;

3. Appellant's work record and ties to the community;

4. Appellant's prior criminal record;

5. Appellant's conformity with previous bond conditions;

6. Other outstanding bonds Appellant may have; and

7. Appellant's ability to make a particular level of bond.[2]

We are also to consider Article 17.15 of the Code of Criminal Procedure,[3] which lists the following factors relevant to determining the appropriate amount of bail, some of which echo the *Davila* factors:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

1. 623 S.W.2d 408 (Tex.Crim.App.1981).

2. *Id.* at 410.

3. *Perez v. State*, 897 S.W.2d 893, 895 (Tex. App.—San Antonio 1995, no pet.).

**304** ▪

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.[4]

▪ We review a trial court's determination of an appeal bond under an abuse of discretion standard.[5] We reverse a trial court's decision for abuse of discretion only if the decision was made without reference to any guiding rules or principles or, in other words, if the decision was arbitrary or unreasonable.[6] Even if this court would have reached a different result, we will not intercede as long as the trial court's ruling was within the "zone of reasonable disagreement."[7]

In this case, there was little or no evidence presented on some of the factors. Apart from a reference to Molina's difficulties during a prior divorce which may or may not have resulted in arrests, there was no evidence that Molina had a criminal record. Likewise, there was no evidence on Molina's work experience, or any previous experience with bonds.

Evidence on two of the relevant factors weigh in Molina's favor. First, Molina had lived in the community most of his life and presumably had strong ties to it. Second, Molina testified that he was financially unable to make bond and meet some of the conditions the trial court placed on the bond.

▪ On the other hand, the offenses in this case were serious ones involving violence against persons for which Molina

received prison sentences. Moreover, the conditions placed on Molina's bond are similar to conditions often placed on probation and are related to Molina's offenses.[8] The conditions therefore are authorized by the Texas Code of Criminal Procedure.[9]

### CONCLUSION

Accordingly, we do not find that the trial court abused its discretion in setting a $15,000 bond on two aggravated offenses. We therefore overrule his point of error and affirm the trial court's order.

---

4. Tex.Code Crim. Proc. Ann. art. 17.15 (Vernon Supp.1999).

5. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex.Crim.App.1981); *Ex parte Mendiola*, 961 S.W.2d 625, 626 (Tex.App.—San Antonio 1998, no pet.).

6. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App.1990).

7. *Id.* at 391 (opin. on rehearing); *Mendiola*, 961 S.W.2d at 626.

8. Molina complains of requirements that he pay child support, pay a supervisory fee of $40 per month, submit to and pay for urinalysis or breathalyser tests, work at suitable employment, report to the Alternative Incarceration Center, and submit to and pay for electronic monitoring while on bond.

9. Tex.Code Crim. Proc. Ann. art. 44.04(c) (Vernon Supp.1999) (court may impose reasonable conditions).