In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00012-CR


______________________________




LARRY DONNELL DAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28511-B




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Larry Donnell Davis appeals from an order increasing his bond pending appeal. Davis was
convicted in the underlying offense for unlawful possession of a firearm by a felon and sentenced
to eight years' imprisonment. Sentence was imposed on September 12, 2001. The trial court set an
appeal bond at $15,000.00, and Davis was released pending appeal. His appeal from that conviction
is pending before this Court. 

 On December 19, 2001, Davis was arrested for possession of cocaine, possession of
marihuana, and criminal trespass. The surety on Davis' bond applied for a capias to surrender him
because of his arrest and his alleged failure to meet a financial obligation. Davis was rearrested, and
the State asked for reconsideration of his appeal bond. The trial court held a hearing, at which the
State asked the court to raise the bond amount to $50,000.00. The trial court set bond at
$100,000.00.

 The Legislature has provided an explicit method for a defendant to appeal from an order
entered by the trial court regarding the right to bail pending an appeal. Tex. Code Crim. Proc.
Ann. art. 44.04(g) (Vernon Supp. 2002). Article 44.04 provides for a preferential appeal for
complaints about the court's action in denying bail or setting excessive bail pending appeal. Id. This
appeal is separate from the appeal of the conviction and punishment, and it must be perfected by a
separate notice of appeal, as was done in the present case. See Ex parte Enriquez, 2 S.W.3d 362,
363 (Tex. App.-Waco 1999, orig. proceeding). (1)

 In his single point of error, Davis contends that the trial court erred in setting his appeal bond
at $100,000.00, an amount he testified he could not afford, and in adding conditions to his bond that
increased the financial burden on him. The appellant's ability to make a particular level of bond,
however, is one of seven factors relevant to appeal bonds articulated by the Court of Criminal
Appeals in Ex parte Davila, 623 S.W.2d 408, 410 (Tex. Crim. App. 1981). The factors include: 
punishment assessed; nature of the offense; appellant's work record and ties to the community;
appellant's prior criminal record; appellant's conformity with previous bond conditions and other
outstanding bonds appellant may have; and appellant's ability to make a particular level of bond. The Court has also directed that we are to consider Tex. Code Crim. Proc. Ann. art. 17.15
(Vernon Supp. 2002), which lists the following additional factors relevant to determining the
appropriate amount of bail: The bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with; the amount of bail shall not be made an instrument of oppression;
the ability to make bail is to be regarded, and proof may be taken on this point; and the future safety
of a victim of the offense and the community shall be considered. 

 We are to review a trial court's determination of an appeal bond under an abuse of discretion
standard. Ex parte Spaulding, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981); Molina v. State, 998
S.W.2d 302, 304 (Tex. App.-El Paso 1999, no pet.); Ex parte Mendiola, 961 S.W.2d 625, 626 (Tex.
App.-San Antonio 1998, no pet.). We reverse a trial court's decision for abuse of discretion only
if the decision was made without reference to any guiding rules or principles or, in other words, if
the decision was arbitrary or unreasonable. See Montgomery v. State, 810 S.W.2d 372 (Tex. Crim.
App. 1990). Even if we would have reached a different result, we will not intercede as long as the
trial court's ruling is within the "zone of reasonable disagreement." Id. at 391 (op. on reh'g). 

 In this case, Davis was facing an eight-year sentence. He testified that it took three months
to raise enough cash to purchase the $15,000.00 bond. He testified that he works sporadically, that
he had been to prison in 1989 for five years and in a state jail facility in 1997 for two years, and that
he had previously been convicted of assaulting a family member. The record indicates that he has
three children living in Longview. The record also reflects that his prior bond was withdrawn by the
surety company for failure to pay. 

 As pointed out by counsel, Davis was arrested for nonviolent crimes, and there is no
indication in this record that he had violent propensities except for a single instance, which was
apparently a misdemeanor assault on a girlfriend. But the record also shows that Davis committed
a series of crimes over a period of years and there has apparently been no improvement in his
behavior. All of this information could be considered by the trial court in determining an appropriate
bail amount for Davis.

 Accordingly, we find that the trial court did not abuse its discretion in setting bail in the
amount of $100,000.00. 


 William J. Cornelius

 Chief Justice


Date Submitted: February 7, 2002

Date Decided: February 22, 2002


Publish
1. The appellate rules governing an appeal from a bail determination are set out in Tex. R. App.
P. 31.1.