COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

                                                                              )                    No. 
08-01-00110-CR

                                                                              )

EX
PARTE:  JARROD DURAN                           )                             Appeal from

                                                                              )     

                                                                              )                      243rd District Court

                                                                              )

                                                                              )                 of El Paso County, Texas

                                                                              )

                                                                              )                        (TC# 970D03833)

 

O
P I N I O N

 

Jarrod
Duran was convicted of aggravated assault and six counts of deadly
conduct.  He has appealed the trial court=s denial of his application for writ of
habeas corpus.  We affirm.

FACTUAL SUMMARY








On
February 6, 2001, Appellant was convicted of aggravated assault and six counts
of deadly conduct.  A jury sentenced him
to eight years=
confinement and a fine of $10,000 on the aggravated assault conviction.  He was sentenced to confinement of one year
and a fine of $1,000 for the deadly conduct. 
Appellant filed a motion for bond pending appeal which the trial court
denied, finding good cause to believe that he would not appear when his
conviction became final and that he was likely to commit other offenses while
on bond.  Appellant then filed an
application for writ of habeas corpus complaining that the State failed to show
legal grounds to deny him a reasonable appellate bond.  The trial court granted the application and
set a hearing.  Taking judicial notice of
the evidence adduced at the guilt/innocence and punishment phases of Appellant=s trial as well as the previous hearing
on his motion for bond pending appeal, the trial court denied relief  finding Athat
good cause exists why [Appellant] should not be discharged from confinement.@ 
This is an appeal from the denial of bail as authorized by Tex.Code Crim.Proc.Ann.
art. 44.04(g)(Vernon Pamphlet
2002).

STANDARD OF REVIEW

A
trial court=s denial
of an application for writ of habeas corpus is reviewed for abuse of
discretion.  Ex parte Spaulding, 612 S.W.2d 509, 511 (Tex.Crim.App. 1981); Molina v. State, 998 S.W.2d
302, 304 (Tex.App.--El Paso 1999, no pet.).  An appellate court does not substitute its
judgment for that of the trial court, but decides whether the trial court=s decision was without reference to any
guiding rules or principles of law, or in other words, whether it was arbitrary
or unreasonable.  See Montgomery v.
State, 810 S.W.2d 372, 380 (Tex.Crim.App.
1990).  Even if this court would have
reached a different result, we will not intercede as long as the trial court=s ruling was within the Azone of reasonable disagreement.@ 
Id. at 391 (op. on reh=g); Ex parte
Mendiola, 961 S.W.2d 625, 626 (Tex.App.--San Antonio 1998, no pet.).

RIGHT TO BAIL PENDING APPEAL








Convicted
felons are not guaranteed the right to bail under the Texas Constitution.  See Ex parte
Lowe, 573 S.W.2d 245, 247 (Tex.Crim.App.
[Panel Op.] 1978); Tex.Const.
art. 1, '
11.  The Legislature created a
right to bail pending appeal under Article 44.04 of the Texas Code
of Criminal Procedure.  See Tex.Code Crim.Proc.Ann.
art. 44.04.  Article 44.04(b)
renders a defendant ineligible for bail where his punishment equals or exceeds
ten years=
confinement or if the defendant has been convicted of an offense listed under
Section 3g(a)(1) of Article 42.12.[1]  Tex.Code Crim.Proc.Ann.
art. 44.04(b).  In cases where punishment is ten years or
less, the trial court has the discretion to set bail or to deny bail for good
cause to believe (1) the defendant would not appear when his conviction became
final, or (2) that he would be likely to commit another offense while on
bail.  Tex.Code Crim.Proc.Ann.
art. 44.04(c); Mendiola,
961 S.W.2d at 626. 
Thus, a trial court may deny bail altogether based on either one of
these two independent grounds.  Read v. State, 959 S.W.2d 228, 230 (Tex.App.--Fort
Worth 1997, pet. ref=d).

Because
Appellant was sentenced to less than ten years=
confinement, he would have been entitled to bond pending appeal had the trial
court not found the existence of good cause to deny bail.  In his sole point of error, Appellant
contends there was no showing of good cause. 
We disagree.  The trial court
conducted two evidentiary hearings--one on Appellant=s
motion for appeal bond and one on his application for writ of habeas
corpus.  At each hearing, the State
requested that the trial court take judicial notice of the evidence adduced at
the guilt/innocence and punishment phases of Appellant=s
trial.  This was proper.  Ex parte
Turner, 612 S.W.2d 611 (Tex.Crim.App. 1981).  The trial court ultimately found good cause
to believe that Appellant would not appear when his conviction became final and
that he was likely to commit other offenses while on bail.

Good Cause to Believe Appellant Would Not Appear








Appellant
testified at the evidentiary hearings that while he was on bond for four years
awaiting trial in the instant case, he complied with all court
appearances.  He also introduced evidence
of family members in Colorado who would ensure that he would not flee.  He has a father, mother, brothers, a sister,
and a girlfriend in Colorado, and another brother who resides in El Paso.  He had a job in Colorado doing heating and
cooling and draft maintenance that did not require him to travel.  He could find employment locally if he were
to obtain an appellate bond.  However,
the State claimed there was a good reason to believe Appellant would not appear
because he was a resident of Colorado, not a resident of El Paso County.  This is sufficient evidence from which a
trial court could decide that Appellant=s
family ties, residency status, and employment history in Colorado could cause
him to flee the jurisdiction and make it unlikely he would appear when his
conviction became final.

Good Cause to Believe Appellant Was Likely to
Commit Other Offenses

The
State also elicited evidence that Appellant was charged with manslaughter and
third- degree assault in Colorado involving the death of another
individual.  This incident occurred while
Appellant was released on bond prior to his trial in the instant cause.  While the manslaughter charge was dismissed,
Appellant was tried and convicted of third-degree assault.  He was ultimately granted a new trial.








Proof
that a defendant committed a newly-charged offense while on bail has been held
sufficient to sustain the denial of an appeal bond.  Putnam v. State, 582
S.W.2d 146 (Tex.Crim.App. 1979).  AThe
evidence adduced in the hearing that the [defendant] Did commit another offense
while on bail far exceeds the statutory requirement that the court find
only that he Is likely to commit another offense while on bail . . . .@ 
[Emphasis added].  Id. at 151.  In
other words, a finding that a defendant previously committed a crime while on
bail supports an inference that he is likely to commit another crime if
released on bail yet again.  Although
Appellant was granted a new trial for the third-degree assault conviction, the
trial court was nevertheless entitled to consider the offense. Appellant also
testified at the evidentiary hearings that he had two convictions for driving
while intoxicated and at least one for unlawfully carrying a weapon.  Given his criminal history, we cannot
conclude that the trial court abused its discretion in denying Appellant=s request for bond pending appeal. 

We
are unable to conclude that the trial court acted unreasonably or without
regard to guiding rules or principles of law when it denied Appellant=s application for writ of habeas
corpus.  Accordingly, we overrule the
sole issue for review and affirm the trial court=s
judgment.

 

 

June 13, 2002

                                                                         


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]  The offenses
listed under Section 3g(a)(1) include murder, capital murder, indecency with a
child, aggravated kidnaping, aggravated sexual
assault, aggravated robbery, offenses under Chapter 481 of the Health and
Safety Code, and sexual assault.  Tex.Code Crim.Proc.Ann.
art. 42.12 ' 3(g)(a)(1)(Vernon Supp. 2002).