COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JOHN TEJEDA,
)
 No. 08-02-00498-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 384th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20010D03439)


MEMORANDUM OPINION



 John Tejeda was convicted of manslaughter and use of a deadly weapon. He has appealed
the trial court's denial of bond pending appeal. Finding no abuse of discretion, we affirm.

FACTUAL SUMMARY


 On September 20, 2002, Appellant was convicted of the lesser included offense of
manslaughter and use of a deadly weapon during commission of the offense. He was sentenced to
confinement of seven years. Appellant filed a motion for bond pending appeal, which the trial court
generally denied. This is an appeal from the denial of bail as authorized by Tex.Code
Crim.Proc.Ann. art. 44.04(g)(Vernon Pamphlet 2003).

STANDARD OF REVIEW


 We review the trial judge's decision concerning appeal bonds under an abuse of discretion
standard. Ex parte Spaulding, 612 S.W.2d 509, 511 (Tex.Crim.App. 1981). An appellate court does
not substitute its judgment for that of the trial court, but decides whether the trial court's decision
was made without reference to any guiding rules or principles of law, or in other words, whether it
was arbitrary or unreasonable. See Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App.
1990). Even if this court would have reached a different result, we will not intercede as long as the
trial court's ruling was within the "zone of reasonable disagreement." Id. at 391 (op. on reh'g);
Ex parte Mendiola, 961 S.W.2d 625, 626 (Tex.App.--San Antonio 1998, no pet.).

RIGHT TO BAIL PENDING APPEAL


 Convicted felons are not guaranteed the right to bail under the Texas Constitution. See
Ex parte Lowe, 573 S.W.2d 245, 247 (Tex.Crim.App. [Panel Op.] 1978); Tex.Const. art. 1, § 11. 
The Legislature has, however, created a right to bail pending appeal. See Tex.Code
Crim.Proc.Ann. art. 44.04. Article 44.04(b) renders a defendant ineligible for bail where his
punishment equals or exceeds ten years' confinement or if the defendant has been convicted of an
offense listed under Section 3g(a)(1) of Article 42.12. (1) Tex.Code Crim.Proc.Ann. art. 44.04(b). 
In cases where punishment is less than ten years, the trial court has the discretion to set bail or to
deny it for good cause upon belief (1) that the defendant would not appear when the conviction
became final, or (2) that he would be likely to commit another offense while on bail. Tex.Code
Crim.Proc.Ann. art. 44.04(c); Mendiola, 961 S.W.2d at 626. Thus, a trial court may deny bail
altogether based on either one of these two independent grounds. Read v. State, 959 S.W.2d 228,
230 (Tex.App.--Fort Worth 1997, no pet.).

 Because Appellant was sentenced to less than ten years' confinement, he would have been
entitled to bond pending appeal had the trial court not found the existence of good cause to deny bail. 
In his sole point of error, Appellant argues he is entitled to a reasonable bond because there is no
statutory basis or legal cause to deny him bail. The State contends that the record supports the trial
judge's implicit finding of good cause to believe that Appellant would commit an offense if released
on bond pending appeal either because of the violent nature of the crime or because Appellant
committed this crime while on probation.

 The sole witness for the defense at the bond hearing was Appellant's father. He testified that
Appellant had never missed a court date; Appellant would be gainfully employed in his father's
masonry business if released; Appellant would live with his parents; and Appellant's parents would
ensure he followed his curfew and the rules of his release. On cross-examination by the prosecutor,
the following exchange occurred:

 Q. Now, when he [Appellant] was on probation for DWI he was living with you,
right?


 A. That is correct.


 Q. And when he was arrested for the murder charge he was also living with you,
right? 


 A. That is correct.


 Q. And when he was arrested for the murder he was still on the DWI probation,
right?


 A. I think so.


 The Court of Criminal Appeals has determined that a trial court does not abuse its discretion
in denying bail pending appeal where the record supports a finding that the defendant committed acts
against the State during his probationary period. Ex parte Turner, 612 S.W.2d 611, 612
(Tex.Crim.App. 1981); see also Putnam v. State, 582 S.W.2d 146 (Tex.Crim.App. 1979)(holding
that proof that a defendant committed a newly-charged offense while on bail is sufficient to sustain
the denial of an appeal bond); Ex parte Jaimez, No. 01-98-00958-CR (Tex.App.--Houston [1st
Dist.], Mar. 4, 1999, no. pet.)(not designated for publication), 1999 WL 126649, at *2 (finding no
abuse of discretion when the trial judge refused to grant an appeal bond because the appellant had
committed a new felony offense in violation of the terms and conditions of his community
supervision). 

 Since the trial court did not state the grounds for denying bail, we must affirm if either
ground under Article 44.04(c) is supported by the evidence. Inasmuch as Appellant committed this
crime while on probation, the trial judge could have reasonably found that Appellant would likely
reoffend while on bond pending appeal. (2) We are unable to conclude that the trial court acted
unreasonably or without regard to guiding rules or principles of law. Accordingly, we overrule the
sole issue for review and affirm the trial court's judgment.



January 8, 2004 /s/ Ann Crawford McClure 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. The offenses listed under Section 3g(a)(1) include murder, capital murder, indecency with a child, aggravated
kidnaping, aggravated sexual assault, aggravated robbery, offenses under Chapter 481 of the Health and Safety Code,
and sexual assault. Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(1)(Vernon Supp. 2003).
2. Since we find sufficient evidence in the record from the bond hearing to support the second ground of
Article 44.04(c), we need not address the State's argument based on the nature of Appellant's crime, nor the argument
that this court should take judicial notice of the reporter's record from Cause No. 08-02-00451-CV, Appellant's appeal
of his conviction which is also before the court.