In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-08-298 CR


 ______________________

 

EX PARTE ALEX JEANMARD


 




On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court No. 81077






 MEMORANDUM OPINION


 Alex Jeanmard appeals and filed a pro se brief concerning the trial court's order
denying an application for writ of habeas corpus requesting bail pending appeal. Tex. Code
Crim. Proc. Ann. art. 44.04(g) (Vernon 2006). In the appeal of the underlying conviction,
appellant's counsel filed an Anders brief. (1) The State filed a brief in this appeal suggesting
no error.

 Pursuant to a plea bargain, Jeanmard pled guilty to Indecency with a Child by
Exposure pursuant to section 21.11(a)(2) of the Texas Penal Code and received five years
deferred adjudication community supervision. See Tex. Pen. Code Ann. § 21.11(a)(2)
(Vernon 2003). The State subsequently filed a motion to revoke. Jeanmard pled true to two
violations of the deferred adjudication community supervision. The trial court adjudicated
him guilty of Indecency with a Child by Exposure, and sentenced him to four years'
confinement in the Texas Department of Criminal Justice - Institutional Division.

 Pursuant to Article 44.04(c) of the Texas Code of Criminal Procedure, the trial court
denied an appeal bond because (1) Jeanmard "is considered high risk of being non-compliant
due to the seriousness and nature of the underlying offense[;]" and (2) Jeanmard's "failure
to follow [Sex Offender Treatment Program Guidelines and Rules] . . . places others in
jeopardy of [Jeanmard]'s potential to commit other offenses if placed on bail." See Tex.
Code Crim. Proc. Ann. art. 44.04(c) (Vernon 2006). We review the trial court's decision
regarding appeal bonds under an abuse of discretion. Ex parte Spaulding, 612 S.W.2d 509,
511 (Tex. Crim. App. 1981). An appellate court does not substitute its judgment for that of
the trial court, but decides whether the trial court's decision was made without reference to
any guiding rules or principles of law, or in other words, whether it was arbitrary or
unreasonable. See Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). 

 Convicted felons are not guaranteed the right to bail under the Texas Constitution. 
See Ex parte Lowe, 573 S.W.2d 245, 247 (Tex. Crim. App. 1978); see also Tex. Const. art.
I, § 11. However, the Legislature has created a statutory right to bail pending appeal in
certain circumstances. Tex. Code Crim. Proc. Ann. art. 44.04. If the defendant's
punishment is less than ten years and the conviction is for an offense not listed under article
42.12 of the Texas Code of Criminal Procedure section 3g(a)(1), the trial court has discretion
to set bail; or the court may deny it for good cause upon belief (1) that the defendant would
not appear when the conviction became final, or (2) that he would be likely to commit
another offense while on bail. Tex. Code Crim. Proc. Ann. art. 44.04(c). 

 The trial court had discretion to deny bail if the trial court believed Jeanmard would
not appear when the conviction became final or Jeanmard would be likely to commit another
offense while on bail. See Tex. Pen. Code Ann. § 21.11(a)(2); Tex. Code Crim. Proc.
Ann. art. 42.12, § 3g(a)(1) (Vernon Supp. 2008). Jeanmard pled guilty to the underlying
offense, and at the hearing on the State's motion to revoke he pled true to violating
community supervision by failing to comply with the program guidelines and rules of sex
offender treatment. In denying bail on appeal, the trial court noted the seriousness and nature
of the underlying offense. The trial court stated its concern regarding Jeanmard's non-compliance with sex offender program guidelines and rules. The Court found "[t]he failure
to follow such rules which are directly related to his underlying offense places others in
jeopardy of Defendant's potential to commit other offenses if placed on bail." On this
record, it does not appear that the trial court acted unreasonably in denying an appeal bond
in this case or without regard to guiding rules or principles of law. We affirm the trial court's
order. 

 AFFIRMED. 


 _________________________________

 DAVID GAULTNEY

 Justice 

 
Submitted on October 30, 2008

Opinion Delivered November 12, 2008 

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The record for this appeal contains the trial court's order denying Jeanmard's
application for writ of habeas corpus for bail pending appeal, Jeanmard's notice of appeal
and motions, and the clerk's certificate. We take judicial notice of the record from
Jeanmard's pending appeal of the revocation of his probation. Tex. R. Evid. 201(f).