

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00168-CR

_____

CHARLES EUGENE ORANGE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34,849-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Charles Eugene Orange has filed an appeal from an order pertaining to a bond on the appeal of a conviction.

Orange was charged with aggravated sexual assault on a child and indecency with a child by contact. Both charges were tried together before a jury. On June 27, 2008, the jury acquitted Orange of the first mentioned charge, but convicted him of indecency with a child by contact, assessed a penalty of five years' imprisonment, and recommended that he be placed on community supervision. In accord with the jury's recommendation, by an order entered on that same day, Orange was sentenced to five years' imprisonment, but the sentence was suspended and he was placed on community supervision for ten years.

One garners from reading the record that Orange apparently initially chose to begin his community supervision on the day he was sentenced. However, on July 17, 2008, he filed a notice of appeal and the trial court announced from the bench that a personal recognizance bond of $25,000.00 was being ordered, and there were certain conditions of the bond imposed as well. An attempt was made to use a form for a standard pretrial appearance bond to suffice for an appeal bond; it was signed by all necessary parties and filed with the trial court. This putative appeal bond incorporated some (but not all) of the oral pronouncements of conditions of the appeal bond, resulting in some distinctive differences between the oral pronouncements of the trial court and the conditions of the bond.

2

Almost exactly a year later, on July 20, 2009, the State filed a motion to "revoke/increase bond." A hearing was commenced; during this part of the hearing, the trial court stated that it was setting aside the bond. The trial court then recessed the hearing on concerns that Orange had not received sufficient notice of the breadth of the hearing. The trial court then set the matter for hearing the following week.

The hearing recommenced August 4, 2009. The trial court stated that the purpose of the hearing was to "review the amount, conditions, and the type of bond and actually to set a new appeal bond, proper appeal bond." The State then commenced the introduction of evidence to show that Orange had failed to comply with the conditions of the appeal bond. Counsel objected, taking the position that since the trial court had previously stated that the document was not a bond, then the testimony regarding obedience to it was thus irrelevant. This objection was overruled with the comment that "his performance while on this [first] bond does have relevance."

At the conclusion of the August 4 hearing, the court announced that it was setting an appeal bond at $50,000.00 and announced the imposition of obligations with which Orange must comply as conditions of the bond. The trial court also announced that should Orange fail to post the new bond, he would be required to commence serving his community service obligations. The court later signed the new appeal bond; however, it contains no conditions.

**Issues on Appeal**

Orange complains on appeal because the bond was changed from a $25,000.00 personal recognizance bond to a bond of $50,000.00, despite his unquestioned indigency, and argues that his compliance and appearance before the trial court each time over the year which had elapsed since his conviction as well as the State's failure to show facts justifying an increase, constitutes an abuse of discretion. He also argues that the court had no authority to place him on community supervision immediately in lieu of a proper bond.

**Availability of Appeal Bond**

Orange was convicted of an offense set out in Article 42.12, Section 3g of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g (Vernon Supp. 2009). The explicit language of TEX. CODE CRIM. PROC. ANN. art. 44.04(b) (Vernon 2006), states that a person convicted of an offense referenced by this section "may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years['] confinement or where the defendant has been convicted of a [3g] offense. . . . but shall immediately be placed in custody and the bail discharged" is not eligible for an appeal bond. However, in this case, the defendant was not incarcerated—his sentence was suspended and he was placed on community supervision.

Thus, the statute does not apply to this situation. The Texas Court of Criminal Appeals, in *Lebo v. State*, 90 S.W.3d 324 (Tex. Crim. App. 2002), discussed the interaction of the right of appeal

4

and the viability of an appeal bond under the statute. The court pointed out that a defendant placed on community supervision is not in confinement. Thus, it reasoned, the statute on its face could only apply to a defendant facing incarceration. The court further reasoned that if a defendant facing only community supervision was not eligible for a bond, the statute would impermissibly punish a defendant for pursuing an appeal—as he or she would be required to "immediately go to prison and begin serving a sentence which the jury had explicitly suspended." *Id.* at 329.[1]

Thus, under these facts, the restrictive language of Article 44.04(b) does not apply, and the court had the authority to set a bond for Orange pending his appeal. Although the court also has the authority to set conditions on the bond, we recognize that when a defendant is placed on community supervision and appeals the conviction, the terms of community supervision do not commence until the trial court clerk receives the appellate mandate. *Surety Corp. of Am. v. State*, 550 S.W.2d 689, 690 (Tex. Crim. App. 1977) (citing *Delorme v. State*, 488 S.W.2d 808, 809 (Tex. Crim. App. 1973)); *Humphries v. State*, 261 S.W.3d 144, 146 (Tex. App.—San Antonio 2008, pet. ref'd); *Goodson v. State*, 221 S.W.3d 303, 305 (Tex. App.—Fort Worth 2007, no pet.); *McConnell v. State*, 34 S.W.3d 27, 30 (Tex. App.—Tyler 2000, no pet.).

The question as set before us is whether the trial court abused its discretion by increasing the bond amount from personal recognizance to $50,000.00. In reviewing the trial court's determination

---

[1] We also acknowledge a change in the statutory language indicating that were Orange being tried under current law, Orange would not presently be eligible for community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(d)(5) (Vernon Supp. 2009).

5

of an appeal bond, we utilize an abuse of discretion standard. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981); *Molina v. State*, 998 S.W.2d 302, 304 (Tex. App.—El Paso 1999, no pet.); *Ex parte Mendiola*, 961 S.W.2d 625, 626 (Tex. App.—San Antonio 1998, no pet.). Thus, we reverse a trial court's decision for abuse of discretion only if the decision was made without reference to any guiding rules or principles or, in other words, if the decision was arbitrary or unreasonable. *See Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990). Even if we would have reached a different result, we will not intercede as long as the trial court's ruling is within the "zone of reasonable disagreement." *Id.* at 391 (op. on reh'g); *Davis v. State*, 71 S.W.3d 844, 846 (Tex. App.—Texarkana 2002, no pet.).

In our analysis, we recognize that the Texas Court of Criminal Appeals has held that "the primary objective of the appeal bond," in particular, "is to secure appellant's apprehension if his conviction is subsequently affirmed" on final determination of the appeal. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981); *see Swinnea v. State*, 614 S.W.2d 453, 454 (Tex. Crim. App. [Panel Op.] 1981).

In setting the amount of bail, the exercise of its discretion by the court is guided by consideration of the following factors:

      1.     The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

      2.     The power to require bail is not to be used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005).

This case is factually in a somewhat unusual situation because of the length of time that has elapsed since Orange's conviction. Orange had successfully been on a personal recognizance bond for a year during the course of his pending appeal. He had appeared as required, and had for the most part successfully maintained himself in accordance with both the written and enforceable conditions of the bond and the oral statements made by the court. The main purpose of an appeal bond is different—to ensure his appearance, while the court is permitted to add conditions to ensure the safety of the public.

The ability of an appellant to make bail and proof thereof is another factor to be considered by the court. *See Ex parte Jones*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991); *Esquivel v. State*, 922 S.W.2d 601, 603 (Tex. App.—San Antonio 1996, no pet.). Orange is indigent. Although the ability to make bail is a factor to be considered, ability alone, even indigency, does not control the amount of bail. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980) (citing *Ex parte Vasquez*, 558 S.W.2d 477 (Tex. Crim. App. 1977); *Ex parte Runo*, 535 S.W.2d 188 (Tex. Crim. App. 1976)).

7

That said, the nature of the crime of which he was convicted and the safety of the community are considerations. Orange was convicted of the felony crime of indecency with a child by contact. The complainant testified that while he was nine or ten years old, Orange lived with the family and they shared a room. The complainant further testified that Orange frequently got into bed with the victim and touched his (the victim's) private parts. There was evidence that he had befriended the boy and provided him with items such as nice clothing, jewelry, and classes in karate. Further, a State's witness testified that his behavior was typical of attempts to groom a child for sexual contact.

The jury found him guilty and assessed punishment at five years' imprisonment. Pursuant to the jury's verdict, the sentence was suspended, and Orange was placed on community supervision. He was convicted only of the lesser count of two alleged by the State, and had been previously acquitted of similar allegations raised by other children who lived in the same trailer park.

We recognize that the trial court does have the authority to set conditions and amount of bond that will, as well as ensure appearance, serve to protect the public. The amount of the bond, as set by the trial court, is one that would not have been unreasonable or excessive, even for an indigent defendant, based on the nature of the crime for which he or she was convicted and all other proper considerations. The fact that he is now convicted of the crime authorizes the trial court to reconsider the bond amount, including the possibility of flight.

Accordingly, under these facts, we conclude that the trial court did not abuse its discretion by increasing the level of the bond to $50,000.00.

Orange also contends that the court had no authority to alternatively place him immediately on community supervision. That appears to be a part of the decision involving the setting of the appeal bond and consequently is properly before us on this appeal. We have previously pointed out that where the accused is placed on community supervision and appeals the conviction, the terms of community supervision do not commence until the mandate is received by the clerk. *See Delorme v. State*, 488 S.W.2d 808 (Tex. Crim. App. 1973); *Humphries*, 261 S.W.3d at 146. Based on this precedent, we conclude the trial court erred in placing Orange on community supervision pending appeal.

We affirm the order of the trial court setting the bond amount; we vacate the order requiring community supervision in lieu thereof.


                                                    Jack Carter
                                                    Justice


Date Submitted:     November 12, 2009
Date Decided:       November 17, 2009

Do Not Publish

9