**Charlie C. WHITE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 12–81–0115–CR.**

Court of Appeals of Texas,
Tyler.

Feb. 26, 1982.

John R. Coe, Cattanach, Coe & Barfield, Ella Lee White, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

PER CURIAM.

This is an appeal from an order denying a reduction in bail pending appeal.[1]

The record reflects that on October 23, 1979, appellant, Charlie C. White, was convicted of the offense of attempted murder. Tex.P.Code Ann. § 15.01 (Vernon Supp. 1982). Punishment was assessed at twelve (12) years confinement in the Texas Department of Corrections. Bail pending appeal was increased from $5,000 to $75,000 under the authority of Article 44.04(d).[2] On November 5, 1979, sentence was imposed and notice of appeal given. Thereafter on December 3, 1979, bail pending appeal was reduced to $40,000.

According to appellant's petition, on June 12, 1980, a hearing was held in the 174th District Court in Harris County, Texas, on petitioner's application for writ of habeas corpus for reduction of bail pending appeal. There is, however, no record before this court of that hearing.

Prior to the 1981 amendments the Court of Criminal Appeals had exclusive jurisdiction in habeas corpus proceedings. A defendant seeking relief from excessive bail pending appeal had three options: (1) appealing an order of the trial court denying that defendant's motion to reduce bail, Article 44.04(g); (2) filing an application for habeas corpus with the trial court and after a hearing appealing to the Court of Criminal Appeals, Article 44.34; or (3) invoking the original jurisdiction of the Court of Criminal Appeals, Texas Constitution Art. V § 5. To invoke the jurisdiction of the Court of Criminal Appeals under Articles 44.04(g) and 44.34, notice of appeal was required under Article 44.08(a). *Ex parte Weston,* 556 S.W.2d 347 (Tex.Cr.App.1977).

In 1981, Articles 44.04 and 44.34 were amended to allow courts of appeals to review the denial or amount of bail set pending appeal. The requirement that the defendant give notice of appeal, however, has not been altered.

---

1. This appeal and appellant's appeal on the merits of his conviction were transferred together to this court from the Court of Appeals for the Fourteenth Supreme Judicial District of Texas by the Supreme Court of Texas pursuant to Tex.Civ.Stat.Ann. Art. 1738 (Vernon Supp. 1982) and thus have the same cause number. This per curiam only disposes of appellant's appeal from the order denying a reduction in bail and does not reach the merits of his conviction. *See* art. 44.36 Tex.C.Crim.P. Appellant's appeal on the merits is still pending before this court.

2. All citations herein are to the Texas Code of Criminal Procedure unless otherwise indicated.

In the instant case, there is no record of notice of appeal having been given. Nor is there a showing of good cause for absence of such notice. Without notice of appeal this court does not have jurisdiction to review the denial of a reduction in bail.

This appeal is dismissed.