**Larry Donnell DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00012–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 7, 2002.

Decided Feb. 22, 2002.

Ebb B. Mobley, Longview, for appellant.

Andy Porter, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

WILLIAM J. CORNELIUS, Chief Justice.

Larry Donnell Davis appeals from an order increasing his bond pending appeal. Davis was convicted in the underlying offense for unlawful possession of a firearm by a felon and sentenced to eight years' imprisonment. Sentence was imposed on September 12, 2001. The trial court set an appeal bond at $15,000.00, and Davis was released pending appeal. His appeal from that conviction is pending before this Court.

On December 19, 2001, Davis was arrested for possession of cocaine, possession of marihuana, and criminal trespass. The surety on Davis' bond applied for a capias to surrender him because of his arrest and his alleged failure to meet a financial obligation. Davis was rearrested, and the State asked for reconsideration of his appeal bond. The trial court held a hearing, at which the State asked the court to raise the bond amount to $50,000.00. The trial court set bond at $100,000.00.

■ The Legislature has provided an explicit method for a defendant to appeal from an order entered by the trial court regarding the right to bail pending an appeal. TEX.CODE CRIM. PROC. ANN. art. 44.04(g) (Vernon Supp.2002). Article 44.04 provides for a preferential appeal for complaints about the court's action in denying bail or setting excessive bail pending appeal. *Id.* This appeal is separate from the appeal of the conviction and punishment, and it must be perfected by a separate notice of appeal, as was done in the present case. *See Ex parte Enriquez,* 2 S.W.3d 362, 363 (Tex.App.-Waco 1999, orig. proceeding).[1]

■ In his single point of error, Davis contends that the trial court erred in setting his appeal bond at $100,000.00, an amount he testified he could not afford, and in adding conditions to his bond that increased the financial burden on him. The appellant's ability to make a particular level of bond, however, is one of seven factors relevant to appeal bonds articulated by the Court of Criminal Appeals in *Ex parte Davila,* 623 S.W.2d 408, 410 (Tex. Crim.App.1981). The factors include: punishment assessed; nature of the offense; appellant's work record and ties to the community; appellant's prior criminal record; appellant's conformity with previous bond conditions and other outstanding bonds appellant may have; and appellant's ability to make a particular level of bond.

The Court has also directed that we are to consider TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.2002), which lists the following additional factors relevant to determining the appropriate amount of bail: The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with; the amount of bail shall not be made an instrument of oppression; the ability to make bail is to be regarded, and proof may be taken on this point; and the future safety of a victim of the offense and the community shall be considered.

■ We are to review a trial court's determination of an appeal bond under an

---

1. The appellate rules governing an appeal from a bail determination are set out in TEX. R.APP. P. 31.1.

abuse of discretion standard. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex.Crim. App.1981); *Molina v. State*, 998 S.W.2d 302, 304 (Tex.App.-El Paso 1999, no pet.); *Ex parte Mendiola*, 961 S.W.2d 625, 626 (Tex.App.-San Antonio 1998, no pet.). We reverse a trial court's decision for abuse of discretion only if the decision was made without reference to any guiding rules or principles or, in other words, if the decision was arbitrary or unreasonable. *See Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App.1990). Even if we would have reached a different result, we will not intercede as long as the trial court's ruling is within the "zone of reasonable disagreement." *Id.* at 391 (op. on reh'g).

 In this case, Davis was facing an eight-year sentence. He testified that it took three months to raise enough cash to purchase the $15,000.00 bond. He testified that he works sporadically, that he had been to prison in 1989 for five years and in a state jail facility in 1997 for two years, and that he had previously been convicted of assaulting a family member. The record indicates that he has three children living in Longview. The record also reflects that his prior bond was withdrawn by the surety company for failure to pay.

As pointed out by counsel, Davis was arrested for nonviolent crimes, and there is no indication in this record that he had violent propensities except for a single instance, which was apparently a misdemeanor assault on a girlfriend. But the record also shows that Davis committed a series of crimes over a period of years and there has apparently been no improvement in his behavior. All of this information could be considered by the trial court in determining an appropriate bail amount for Davis.

Accordingly, we find that the trial court did not abuse its discretion in setting bail in the amount of $100,000.00.