**Carlos David DELANGEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00716–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 12, 2004.

Robert T. Wallace, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Donald W. Rogers

Jr., Alan Curry, Assistant District Attorneys, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and BLAND.

## OPINION

JANE BLAND, Justice.

Appellant Carlos David Delangel pleaded guilty to burglary with intent to commit theft. In November 2000, the trial court placed Delangel on deferred adjudication community supervision for seven years. In 2002, the State moved to adjudicate Delangel's guilt, alleging that Delangel violated various terms and conditions of his community supervision. After a hearing, the trial court found Delangel guilty and sentenced him to five years' confinement. On appeal, Delangel contends that (1) the trial court erred in revoking its deferred adjudication order, (2) he did not receive effective assistance of counsel in the trial court, and (3) the trial court abused its discretion by setting excessive bail. The State moved to dismiss the appeal for want of jurisdiction. We grant the State's motion and dismiss the appeal.

### Adjudication of Guilt

■ In his first issue, Delangel contends that the trial court erred in revoking its deferred adjudication order. Essentially, Delangel challenges the sufficiency of the evidence to support the court's finding that he violated the terms and conditions of his community supervision.

The Texas Code of Criminal Procedure provides that a defendant may not appeal a trial court's determination to proceed with an adjudication of guilt after the court concludes that the defendant failed to comply with the conditions of community supervision. Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp.2004).[1] Such a challenge is not appealable because it is "limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge." *See id.; see also Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992) (holding that defendant may not challenge trial court's determination to adjudicate guilt). We are therefore without jurisdiction to consider the merit of issue one.

### Ineffective Assistance of Counsel

■ In his second issue, Delangel contends that he did not receive effective assistance of counsel because his trial attorney at his original plea hearing "failed to adequately confer [with] him, failed to investigate the facts and applicable law, and failed to accurately advise him of the consequences of accepting a plea bargain of deferred adjudication."

---

1. Texas Code of Criminal Procedure article 42.12, section 5(b) states as follows:

   On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. *The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. A court assessing punishment after an adjudication of guilt of a defendant charged with a state jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed, regardless of whether the defendant has previously been convicted of a felony.

   Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp.2004) (emphasis added).

A defendant, however, must raise any error relating to an original plea bargain in an appeal from the original proceeding or it is waived. *Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App. 1999). Delangel did not appeal the deferred adjudication and its conditions at the time the trial court imposed them, nor did he appeal the effectiveness of his counsel in connection with the plea proceeding. Because Delangel's ineffective assistance of counsel claim relates to the original plea proceeding, we have no jurisdiction to consider it. *See id.*

## Excessive Bail

In his third issue, Delangel contends that the trial court abused its discretion in setting excessive bail before and after the revocation of his deferred adjudication and on appeal.

Issues concerning pre-trial bail are moot after the trial court convicts the defendant. *Myres v. State,* 866 S.W.2d 673, 673 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd) (citing *Henriksen v. State,* 500 S.W.2d 491, 494 (Tex.Crim.App.1973)). As Delangel's pretrial claim is moot, we have no jurisdiction to hear it.

With regard to Delangel's complaint about excessive bail while the case is on appeal, article 44.04 provides for a preferential appeal. Tex.Code Crim. Proc. Ann. art. 44.04(g) (Vernon Supp.2004). Because the trial court necessarily sets such bail after final judgment, however, this appeal is separate from any appeal of the conviction and punishment and must be perfected by a separate notice of appeal. *See Ex parte Enriquez,* 2 S.W.3d 362, 363 (Tex. App.-Waco 1999, no pet.) (holding that appellate court lacks jurisdiction to hear challenge to trial court's setting of excessive bail unless jurisdiction invoked with

separate notice of appeal); *White v. State,* 629 S.W.2d 262 (Tex.App.-Tyler 1982, no pet.) (holding that appellate court lacks jurisdiction to hear challenge to trial court's denial of motion for reduction in bail pending appeal because no notice of appeal and no showing of good cause for absence of notice). Delangel did not file a notice of appeal from the order denying bail, and thus we have no jurisdiction to hear his complaint under article 44.04(g). *Enriquez,* 2 S.W.3d at 363; *White,* 629 S.W.2d at 263.[2]

## Conclusion

We conclude that we have no jurisdiction to review Delangel's complaints and grant the State's motion to dismiss. We therefore dismiss the appeal for want of jurisdiction.

---

2. It is possible that Delangel may nonetheless seek relief by applying for a writ of habeas corpus. *See Ex parte Spaulding,* 612 S.W.2d 509, 511 (Tex.Crim.App.1981); *Ex parte Enriquez,* 2 S.W.3d 362, 363 (Tex.App.-Waco 1999, no pet.).