Opinion issued October 14, 2004










     


In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01088-CR




JOSE VALERA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 938103




MEMORANDUM OPINION 

          Jose Valera pleaded guilty to sexual assault of a child pursuant to a plea
bargain agreement. The trial court deferred adjudication of Valera’s guilt and placed
him on community supervision for 10 years. About five months later, the State
moved to adjudicate Valera’s guilt, alleging that Valera had violated a condition of
his community supervision. Following a hearing, the trial court adjudicated Valera’s
guilt and assessed punishment at 20 years’ confinement. 
          In two issues, Valera contends that the State (1) violated the Confrontation
Clause of the United States Constitution and the Texas Constitution by placing him
on deferred adjudication and (2) lacked legally sufficient evidence to adjudicate guilt. 
We dismiss the appeal for lack of jurisdiction. 
Background
          Valera, a 27-year-old man, entered a relationship with a 14-year-old female, the
daughter of his wife’s best friend. His wife asked him to move out of the house. 
About five months after the trial court placed him on community supervision, Valera
broke a window at his wife’s house and entered the house without her permission.
The State moved to adjudicate guilt, alleging that Valera unlawfully, and with notice
that entry was forbidden, intentionally and knowingly entered and remained in the
habitation of another. The court adjudicated Valera’s guilt and assessed punishment
at 20 years’ confinement. 
Confrontation Clause
          In his first issue, Valera asserts that the State violated the Confrontation Clause
of the United States Constitution and the Texas Constitution by placing him on
deferred adjudication to avoid making his accuser testify against him, and then
moving to adjudicate guilt based on insufficient evidence. U.S. Const. amend. VI;
Tex. Const. art. I, § 10. Valera states that the young girl would have testified that
their relationship was consensual. The State contends that we lack jurisdiction to
consider the merits of this issue. We agree. 
          Valera’s confrontation clause challenge is a complaint of a denial of his right
to confrontation by his accuser at the original proceeding. Valera contends that he
agreed to a plea because the complainant’s mother did not want her to testify, even
though had she testified, she would have admitted that the relationship was
consensual. Valera, however, cannot appeal errors from the original plea proceeding
in a subsequent appeal from an adjudication of guilt hearing. Rather, “[a] defendant
placed on deferred adjudication community supervision may raise issues relating to
the original plea proceeding . . . only in appeals taken when the deferred adjudication
community supervision is first imposed.” Manuel v. State, 994 S.W.2d 658, 661–62
(Tex. Crim. App. 1999); Delangel v. State, 132 S.W.3d 491, 493 (Tex.
App.—Houston [1st Dist.] 2004, no pet.). Valera did not appeal the constitutionality
of his deferred adjudication at the time the trial court imposed it. The constitutionality
of Valera’s deferred adjudication relates to the original plea proceedings, we hold that
we do not have jurisdiction to consider this issue. See Manuel, 994 S.W.2d at
661–62. 
 
Adjudication of Guilt
          In his second issue, Valera contends that the trial court erred in revoking its
deferred adjudication order. Essentially, Valera challenges the sufficiency of the
evidence to support the court’s finding that he violated the terms and conditions of
his community supervision.
          The Texas Code of Criminal Procedure provides that a defendant may not
appeal a trial court’s determination to proceed with an adjudication of guilt after the
court concludes that the defendant failed to comply with the conditions of community
supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004-2005).


 A challenge to the sufficiency of the evidence is not appealable, because it
relates to the determination by the court of whether it proceeds with an adjudication
of guilt on the original charge.” See id.; see also Connolly v. State, 983 S.W.2d 738,
741 (Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Delangel,
132 S.W.3d at 493; Sugar v. State, 132 S.W.3d 550, 551 (Tex. App.—Houston [1st
Dist.] 2004, no pet.) (holding that a defendant may not appeal a trial court’s decision
to adjudicate guilt). We therefore hold that we do not have jurisdiction to consider
the merits of Valera’s second issue.
Conclusion
          We conclude that we have no jurisdiction to review Valera’s complaints. We
therefore dismiss the appeal for want of jurisdiction.
          



                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).