NOS. 12-04-00164-CR
 12-04-00206-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JOHN STEVEN HUDDLESTON,                    §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant John Steven Huddleston appeals the trial court’s orders revoking his deferred
adjudication probation. In three issues, Appellant contends that the evidence was legally and
factually insufficient to support the trial court’s orders and that his former counsel provided
ineffective assistance of counsel. We dismiss in part for want of jurisdiction and affirm in part.
 
Background
            Appellant was charged by indictment with criminal mischief (trial court cause number 1-95-186)


 committed on or about December 18, 1993 and aggravated assault (trial court cause number
1-95-188)


 committed on or about November 22, 1994. On April 30, 1999, Appellant entered a plea
of guilty to the offenses charged in the indictments. The trial court deferred a finding of guilt on
each offense and placed Appellant on felony deferred adjudication probation for ten years for each
offense. On June 12, 2000, Appellant’s Level II Intensive Supervision was extended for a period of
six months for each offense. On March 1, 2004, the State filed an application to proceed to final
adjudication on each offense. In both applications, the State alleged that Appellant had violated the
conditions of community supervision.
            After a revocation hearing, the trial court found the State’s allegations that Appellant failed
to comply with the conditions of his community supervision to be “true.” Based on these violations,
the trial court revoked Appellant’s probation for both offenses, adjudicated him guilty of each
offense, sentenced him to ten years of imprisonment for criminal mischief


 and ten years of
imprisonment for aggravated assault,


 and imposed a fine of $5,000 for each offense. In the
aggravated assault case, the trial court entered an affirmative finding that Appellant used a deadly
weapon, a firearm. Finally, the trial court ordered that the sentences run concurrently. This appeal
followed. Because the issues in both appeals are the same, we address them together.



 
Sufficiency of the Evidence
            In his first and second issues, Appellant argues that the evidence was legally and factually
insufficient to support the trial court’s orders revoking its deferred adjudication orders. Specifically,
Appellant challenges the sufficiency of the evidence to support the trial court’s finding that he
violated the terms and conditions of his community supervision.
            The Texas Code of Criminal Procedure provides that a defendant may not appeal a trial
court’s determination to proceed with an adjudication of guilt after a trial court concludes that the
defendant failed to comply with the conditions of community supervision. Tex. Code Crim. Proc.
Ann. art. 42.12 § 5(b) (Vernon Supp. 2004-2005); Delangel v. State, 132 S.W.3d 491, 493 (Tex.
App.–Houston [1st Dist.] 2004, no pet.). Thus, Appellant’s challenge to the sufficiency of the
evidence is not appealable because it relates solely to “the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge.” Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b); see also Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Delangel,
132 S.W.3d at 493. Therefore, we are without jurisdiction to consider the merits of whether the trial
court erred in revoking its deferred adjudication orders. Accordingly, we dismiss Appellant’s first
and second issues for want of jurisdiction.
 
Ineffective Assistance of Counsel
            In a separate section of the brief, counsel for Appellant acknowledges Appellant’s desire to
argue that his former counsel provided ineffective assistance. However, in his brief, counsel states
that the relief requested by Appellant is not supported by law and further concludes that the issue is
without merit. Counsel provides argument and authorities to support his conclusion. Therefore, we
consider this Appellant’s third issue and address it.
Applicable Law
            In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme
Court’s two-pronged test in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d
674 (1984). Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first
prong of the Strickland test, an appellant must show that counsel’s performance was “deficient.”
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000). “This requires showing that counsel made errors so serious that counsel was not functioning
as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” Strickland, 466 U.S. at 687,
104 S. Ct. at 2064. To be successful, an appellant must “show that counsel’s representation fell
below an objective standard of reasonableness.” Id., 466 U.S. at 688, 104 S. Ct. at 2064; Tong, 25
S.W.3d at 712. Under the second prong, an appellant must show that the “deficient performance
prejudiced the defense.” Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712.
The appropriate standard for judging prejudice requires an appellant to “show that there is a
reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong, 25 S.W.3d at
712. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. 
            Review of a trial counsel’s representation is highly deferential. Tong, 25 S.W.3d at 712. We
indulge in a “strong presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance.” Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. It is Appellant’s burden
to overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Id., 466 U.S. at 689, 104 S. Ct. at 2065; Tong, 25 S.W.3d at 712. 
Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or
sufficient prejudice defeats the ineffectiveness claim. Id. Appellant must prove both prongs of the
Strickland test by a preponderance of the evidence in order to prevail. Tong, 25 S.W.3d at 712. 
Analysis
            Appellant claims, through appendices attached to his brief, that his former counsel was
ineffective because he did not present Appellant’s handwritten list of errors regarding his original
pleas, deferred adjudications, and probations to the trial court judge at the revocation hearing. 
However, Appellant has not shown by the record that his former counsel’s representation was
deficient or that it fell below an objective standard of reasonableness. See Strickland, 466 U.S. at
687-88, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712. To successfully present an argument that
counsel was ineffective because of his failure to present Appellant’s handwritten list of errors to the
trial court, Appellant must show that the trial court would have committed error in failing to address
the alleged errors. See Vaughn v. State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). He cannot
make the required showing, however, because the law is clear that an appellant may raise issues
relating to the original plea proceeding only in appeals taken when deferred adjudication community
supervision is first imposed. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).
Thus, Appellant’s attempt to address errors in his original plea proceedings was untimely, and any
attempt to present the errors to the trial court would have been futile. See id.
            Because the record does not show ineffectiveness or deficient performance, we conclude that
Appellant has failed to meet the first prong of the Strickland test. See Thompson, 9 S.W.3d at 813. 
However, even if Appellant had met the first prong of the Strickland test, he has failed to show that,
but for counsel’s failure to present the list to the trial court, the result of the proceeding would have
been different. See Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Tong, 25 S.W.3d at 712. 
Therefore, we cannot conclude that Appellant’s former trial counsel was ineffective. Accordingly,
Appellant’s third issue is overruled.
 
Conclusion
            We lack jurisdiction to consider Appellant’s issues one and two. We have overruled
Appellant’s issue three. Accordingly, we affirm the trial court’s order revoking Appellant’s deferred
adjudication probation.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice


Opinion delivered January 5, 2005.
Panel consisted of Worthen, C.J. and Griffith, J.
DeVasto, J., not participating.











(DO NOT PUBLISH)