NO. 07-08-0389-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 3, 2008

______________________________


BARRY DWAYNE MINNFEE, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee

_______________________________

Order of Dismissal
________________________

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.
          Barry Dwayne Minnfee (Minnfee) has filed a document entitled “Extra-notice
Requirements Notice of Appeal. Objection to Civil Commitment.” Attached to the notice
is a document entitled “Offender Grievance Form,” which document appears to be
something provided by the Texas Department of Criminal Justice. Also before us is both
his motion to proceed as a pauper and a docketing statement. In the aforementioned
notice, Minnfee complains about his civil commitment and the fact that another inmate
“bangs on the walls” in the adjoining cell. Taken together, the items illustrate effort to
appeal some administrative action or decision taken by those operating the prison wherein
he resides. Moreover, this effort was undertaken without first presenting the dispute to a
trial court via an original petition or lawsuit. Consequently, question arose regarding
whether we had jurisdiction over the appeal. This lead us to contact Minnfee about the
matter via letter dated October 20, 2008, and direct him to show, within ten days, why we
have jurisdiction to entertain the appeal. To date, we have not received an answer to our
inquiry. 
          Courts of appeal generally have jurisdiction only over final orders and judgments
issued by trial courts. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
Additionally, a judgment is final only when it disposes of all claims asserted by or against
all parties. As previously mentioned, the documents before us indicate that Minnfee
appealed from an administrative decision relating to an administrative grievance he had
filed. We have no final judgment or order issued by a court of competent jurisdiction
before us. Accordingly, we lack the authority to entertain the appeal and dismiss it for want
of jurisdiction. 
 
                                                                           Per Curiam








e="font-size: 12pt">_________________________________

FROM THE 84TH DISTRICT COURT OF HANSFORD COUNTY;

NO. CR01475; HONORABLE WILLIAM D. SMITH, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Octavio Ortiz attempts to challenge an order denying bail pending appeal. 
Finding we lack original habeas corpus jurisdiction and his attempt to invoke this court’s
appellate jurisdiction was untimely, we will dismiss the case for want of jurisdiction.
 
 
 
Background
          Pursuant to a plea bargain agreement, appellant plead guilty to the offense of
possession of a controlled substance of more than one gram but less than four grams.


 
Punishment was assessed at five years confinement in prison. Confinement was
suspended and appellant placed on two years community supervision. 
          The State subsequently filed a motion to revoke appellant’s community supervision. 
Following a hearing on August 4, 2009, the trial court granted the State’s motion and
assessed punishment at five years confinement. A judgment to that effect was signed the
same day. At the hearing, appellant also requested bail pending appeal. This was denied
by a written order also signed on August 4.
          On August 4, appellant filed notice of appeal of the trial court’s judgment. The
notice was filed in this court on August 7, and the case assigned number 07-09-0263-CR. 
It remains pending. 
          On October 21, appellant filed in this court a document entitled “Application for Writ
of Habeas Corpus and Accelerated Appeal Regarding Denial of Appeal Bond.” In part, it
asserted appellant’s entitlement to bail on appeal and sought accelerated review of the
August 4 order denying bail. The document concluded with the request that this court
“issue a writ of habeas corpus and allow Appellant a reasonable appeal bond pending
appeal.” Treating the filing as an attempted initiation of an original proceeding or as
invoking our appellate jurisdiction, we assigned the case number 07-09-0342-CR. We
questioned our jurisdiction to grant the relief requested by the October 21 filing, and so
notified appellant by letter affording him an opportunity to respond. 
          On October 29, appellant filed a document in case number 07-09-0263-CR entitled
“Motion for Accelerated Appeal Regarding Denial of Appeal Bond.” The document
appeared substantially in form like appellant’s October 21 filing except it concluded with
the request that we “review the trial court’s denial of bond herein and allow Appellant a
reasonable appeal bond pending appeal.” 
          The following day, October 30, appellant filed a motion requesting dismissal of case
number 07-09-0342-CR.


 In the document, appellant stated he timely filed a notice of
appeal of the order denying bail on appeal and the judgment revoking community
supervision. Appellant added that he mis-labeled the October 21 document, intending it
merely as a request for accelerated appeal of case number 07-09-0263-CR. 
          On our own motion, we consider our appellate jurisdiction of case number 09-0342-CR. See Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.–Amarillo
1995, no writ) (appellate court must address questions of jurisdiction, sua sponte). 
 
 
Discussion
Habeas Corpus Jurisdiction
          A court of appeals does not possess original habeas corpus jurisdiction of a bail
issue. Ex parte Enriquez, 2 S.W.3d 362, 363 & n.1 (Tex.App.–Waco 1999, no pet.) (mem.
op.) (per curiam); see Tex. Gov’t Code Ann. § 22.221(d) (Vernon 2006) (original habeas
jurisdiction of the courts of appeals is limited to cases in which a person’s liberty is
restrained because the person violated an order, judgment, or decree entered in a civil
case); cf. Tex. R. App. P. 31.1 (pertaining to appellate review of a trial court order in a
habeas corpus or bail proceeding). Therefore, to the extent appellant intended to initiate
an original proceeding in this court challenging his denial of bail on appeal by petition for
writ of habeas corpus, we are without jurisdiction.
Appellate Jurisdiction
          In matters of bond pending appeal, Code of Criminal Procedure article 44.04(g)
provides:
The right of appeal to the Court of Appeals of this state is expressly
accorded the defendant for a review of any judgment or order made
hereunder, and said appeal shall be given preference by the appellate court.

Tex. Code Crim. Proc. Ann. art. 44.04(g) (Vernon 2006). The statute does not merely
make appealable an order denying bail on appeal. Rather, it provides a separate,
expedited appeal of such orders.


 The appellate rules applying to an appeal of a bail
determination are contained in Rule of Appellate Procedure 31. See Tex. R. App. P. 31. 
An article 44.04(g) appeal “is separate from the appeal of the conviction and punishment,
and it must be perfected by a separate notice of appeal . . . .” Davis v. State, 71 S.W.3d
844, 845 (Tex.App.–Texarkana 2002, no pet.) (citing Enriquez, 2 S.W.3d at 363); see
Delangel v. State, 132 S.W.3d 491, 494 (Tex.App.–Houston [1st Dist.] 2004, no pet.)
(“[b]ecause the trial court necessarily sets such bail after final judgment . . . this appeal is
separate from any appeal of the conviction and punishment and must be perfected by a
separate notice of appeal”). See also White v. State, 629 S.W.2d 262, 262-63
(Tex.App.–Tyler 1982, no pet.) (per curiam) (requiring separate notice of appeal). 
          To perfect an appeal in criminal cases when no motion for new trial is filed, a notice
of appeal must be filed within thirty days after the day sentence is imposed, or after the day
the trial court enters an appealable order. Tex. R. App. P. 26.2(1). It has been held that
“entered” by the court means a signed, written order. See, e.g., State ex rel. Sutton v.
Bage, 822 S.W.2d 55, 56 (Tex.Crim.App. 1992); State v. Rollins, 4 S.W.3d 453, 454
(Tex.App.–Austin 1999, no pet.). Appeals under article 44.04(g) are subject to the
appellate timetable. See In re McClain, No. 12-08-00039-CR, 2008 WL 186640, at *1 n.2
(Tex.App.–Tyler Jan. 23, 2008) (orig. proceeding) (mem. op.) (not designated for
publication) (court noted habeas application, even if treated as notice of appeal, was
untimely since it was not filed within thirty days after the trial court entered an appealable
order); Tex. R. App. P. 26.2(a). An appellate court lacks jurisdiction to consider an appeal
absent a timely filed notice of appeal. Slaton v. State, 981 S.W.2d 208, 210
(Tex.Crim.App. 1998) (per curiam). 
          Appeal of the August 4 order denying bail required a separate appeal perfected by
a timely-filed notice. Even were we to treat appellant’s October 21 document as a notice
of appeal, it was untimely. 
Conclusion
          Whether by original habeas corpus proceeding or direct appeal, we are without
jurisdiction to review the August 4 order denying bail on appeal. On our own motion, we
dismiss case number 07-09-0342-CR.


 
 
                                                                                      James T. Campbell
                                                                                               Justice
 
Publish.