

NUMBER 13-08-00106-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GEORGE EDWARD SIMMONS,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## On appeal from the 148th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, George Edward Simmons, appeals from the trial court's order revoking his community supervision and sentencing him to two years' incarceration. On appeal, Simmons asserts two arguments: (1) the trial court erred by denying Simmons's motion to suppress, and (2) the trial court erred "in imposing bond conditions on [Simmons] during appeal." We dismiss for want of jurisdiction.

## I. PROCEDURAL BACKGROUND

On December 7, 2006, Simmons was charged with "Unlawful Possession of a Firearm by [a] Felon." *See* TEX. PENAL CODE ANN. § 46.04 (Vernon Supp. 2008). On May 2, 2007, Simmons filed a "Motion to Suppress," arguing that all evidence discovered as a result of a search of an impounded car, allegedly belonging to Simmons, should be suppressed. On May 31, 2007, the court began a hearing on the motion to suppress, which was continued until June 6, 2007. On June 6, 2007, the trial court denied the motion to suppress.

On October 1, 2007, having been admonished of his rights by the trial court, Simmons pleaded guilty to the charge of "Unlawful Possession of a Firearm by [a] Felon." *See id.* The trial court sentenced Simmons to three years' confinement, suspended the sentence, and placed him on three years' community supervision. The trial court certified Simmons's right to appeal. *See* TEX. R. APP. P. 25.2; TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006). No notice of appeal from this judgment appears in the record. *See* TEX. R. APP. P. 25.2(b) ("In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal."), 26.2(a) (providing the timelines for filing a notice of appeal); TEX. CODE CRIM. PROC. ANN. art. 44.12 § 23(b) (Vernon Supp. 2008) ("The right of the defendant to *appeal* for *a review of the conviction* and punishment, as provided by law, shall be accorded the defendant *at the time he is placed on community supervision*.") (emphasis added).

On January 16, 2008, the trial court held a revocation hearing on the State's Motion to Revoke Probation. Simmons answered "True" or "No contest" to at least one of the community supervision violations alleged by the State, including answers of "True" to using alcoholic beverages and marijuana, in violation of his community supervision conditions.

2

The trial court revoked Simmons's community supervision and sentenced him to two years' confinement in the Texas Department of Criminal Justice—Institutional Division.

On February 14, 2008, Simmons filed a motion for new trial. TEX. R. CIV. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court."). In that motion, Simmons asserted that he "was convicted of being a Felon in Possession of a Firearm and sentenced to two years in the Texas Department of Criminal Justice on January 16, 2008." Simmons further stated that "the judgment is against the great weight of the evidence and contrary to law." Simmons prayed for a new trial.

On February 15, 2008, Simmons filed a notice of appeal. In that notice, Simmons asserts that he "was found *guilty* of being [a] Felon in Possession of a Firearm on *January 16, 2008*." (emphasis added). *See* TEX. CODE CRIM. PROC. ANN. art. 44.12 § 23(b) ("When [the defendant] is notified that his community supervision is revoked for violation of the conditions of community supervision and he is called on to serve a sentence in a jail or in the institutional division of the Texas Department of Criminal Justice, he may appeal *the revocation*.") (emphasis added).

## II. MOTION TO SUPPRESS

In his first issue, Simmons argues that the trial court erred by overruling his motion to suppress. The State contends that this issue is not properly before us. We agree.

"An appeal from an order revoking probation is limited to the propriety of the revocation." *Corley v. State*, 782 S.W.2d 859, 861 n.2 (Tex. Crim. App. 1989) (en banc) (citing *Hoskins v. State*, 425 S.W.2d 825, 828 (Tex. Crim. App.1968)); *see* TEX. CODE CRIM. PROC. ANN. art. 44.12 § 23(b); *see also Guajardo v. State*, No. 13-03-204-CR, 2004 WL 5434673, at *1 (Tex. App.–Corpus Christi Mar. 11, 2004, no pet.) (mem. op., not

3

designated for publication). The court of criminal appeals has "long held that a defendant placed on 'regular' community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed." *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *see Chavez v. State*, 139 S.W.3d 43, 52-53 (Tex. App.–Corpus Christi 2004, pet. granted) (differentiating the two types of community supervision, "regular" and "deferred adjudication community supervision"), *aff'd on other grounds by Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

The trial court placed Simmons on "regular" community supervision after it adjudicated guilt, imposed a sentence, and then suspended the sentence. *See Chavez*, 139 S.W.3d at 52; Tex. Code Crim. Proc. Ann. art. 42.12 § 2(2)(B) (Vernon Supp. 2008). Therefore, to appeal the trial court's ruling on his motion to suppress, Simmons must have appealed at the time community supervision was first imposed. *Manuel*, 994 S.W.2d at 661. Because Simmons did not appeal at that time and, therefore, appeals only from the revocation of his community supervision, his first issue is not properly before us, and we lack jurisdiction to consider it. *Id.*

### III. BOND ORDER

In his second issue, Simmons argues that the trial court erred when it imposed certain conditions on his bond pending appeal. The State asserts that we do not have jurisdiction over this issue. We agree.

Texas Code of Criminal Procedure article 44.04 provides for bond pending appeal, and states, "The right of appeal to the Court of Appeals of this state is expressly accorded the defendant for a review of any judgment or order made hereunder, and said appeal shall

4

be given preference by the appellate court." TEX. CODE CRIM. PROC. ANN. art. 44.04(g) (Vernon 2006). "This appeal is separate from the appeal of the conviction and punishment, and it must be perfected by a separate notice of appeal . . . ." *Davis v. State*, 71 S.W.3d 844, 845 (Tex. App.–Texarkana 2002, no pet.) (citing *Ex parte Enriquez*, 2 S.W.3d 362, 363 (Tex. App.–Waco 1999, no pet.) (mem. op.) (per curiam)); *see Delangel v. State*, 132 S.W.3d 491, 494 (Tex. App.–Houston [1st Dist.] 2004, no pet.) ("Because the trial court necessarily sets such bail after final judgment, however, this appeal is separate from any appeal of the conviction and punishment and must be perfected by a separate notice of appeal."); *Margoitta v. State*, 987 S.W.2d 611, 612 (Tex. App.–Waco 1999, no pet.) (order) (per curiam) (noting that article 44.04 requires a separate notice of appeal).

Simmons's notice of appeal did not address this issue, nor does the record contain a separate notice of appeal. We conclude that we do not have jurisdiction over this issue. *See Delangel*, 132 S.W.3d at 494; *Davis*, 71 S.W.3d at 845.

## IV. CONCLUSION

Having determined that we do not have jurisdiction over Simmons's two appellate issues, we dismiss the appeal for want of jurisdiction.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
See TEX. R. APP. P. 47.2(b)

Memorandum Opinion delivered and
filed this the 28th day of August, 2009.