NUMBER 13-08-00106-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


GEORGE EDWARD SIMMONS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 148th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides



 Appellant, George Edward Simmons, appeals from the trial court's order revoking
his community supervision and sentencing him to two years' incarceration. On appeal,
Simmons asserts two arguments: (1) the trial court erred by denying Simmons's motion
to suppress, and (2) the trial court erred "in imposing bond conditions on [Simmons] during
appeal." We dismiss for want of jurisdiction. 

I. Procedural Background


 On December 7, 2006, Simmons was charged with "Unlawful Possession of a
Firearm by [a] Felon." See Tex. Penal Code Ann. § 46.04 (Vernon Supp. 2008). On May
2, 2007, Simmons filed a "Motion to Suppress," arguing that all evidence discovered as a
result of a search of an impounded car, allegedly belonging to Simmons, should be
suppressed. On May 31, 2007, the court began a hearing on the motion to suppress,
which was continued until June 6, 2007. On June 6, 2007, the trial court denied the motion
to suppress. 

 On October 1, 2007, having been admonished of his rights by the trial court,
Simmons pleaded guilty to the charge of "Unlawful Possession of a Firearm by [a] Felon." 
See id. The trial court sentenced Simmons to three years' confinement, suspended the
sentence, and placed him on three years' community supervision. The trial court certified
Simmons's right to appeal. See Tex. R. App. P. 25.2; Tex. Code Crim. Proc. Ann. art.
44.02 (Vernon 2006). No notice of appeal from this judgment appears in the record. See
Tex. R. App. P. 25.2(b) ("In a criminal case, appeal is perfected by timely filing a sufficient
notice of appeal."), 26.2(a) (providing the timelines for filing a notice of appeal); Tex. Code
Crim. Proc. Ann. art. 44.12 § 23(b) (Vernon Supp. 2008) ("The right of the defendant to
appeal for a review of the conviction and punishment, as provided by law, shall be
accorded the defendant at the time he is placed on community supervision.") (emphasis
added).

 On January 16, 2008, the trial court held a revocation hearing on the State's Motion
to Revoke Probation. Simmons answered "True" or "No contest" to at least one of the
community supervision violations alleged by the State, including answers of "True" to using
alcoholic beverages and marijuana, in violation of his community supervision conditions. 
The trial court revoked Simmons's community supervision and sentenced him to two years'
confinement in the Texas Department of Criminal Justice--Institutional Division. 

 On February 14, 2008, Simmons filed a motion for new trial. Tex. R. Civ. P. 21.4(a)
("The defendant may file a motion for new trial before, but no later than 30 days after, the
date when the trial court imposes or suspends sentence in open court."). In that motion,
Simmons asserted that he "was convicted of being a Felon in Possession of a Firearm and
sentenced to two years in the Texas Department of Criminal Justice on January 16, 2008." 
Simmons further stated that "the judgment is against the great weight of the evidence and
contrary to law." Simmons prayed for a new trial.

 On February 15, 2008, Simmons filed a notice of appeal. In that notice, Simmons
asserts that he "was found guilty of being [a] Felon in Possession of a Firearm on January
16, 2008." (emphasis added). See Tex. Code Crim. Proc. Ann. art. 44.12 § 23(b) ("When
[the defendant] is notified that his community supervision is revoked for violation of the
conditions of community supervision and he is called on to serve a sentence in a jail or in
the institutional division of the Texas Department of Criminal Justice, he may appeal the
revocation.") (emphasis added).

II. Motion to Suppress


 In his first issue, Simmons argues that the trial court erred by overruling his motion
to suppress. The State contends that this issue is not properly before us. We agree.

 "An appeal from an order revoking probation is limited to the propriety of the
revocation." Corley v. State, 782 S.W.2d 859, 861 n.2 (Tex. Crim. App. 1989) (en banc)
(citing Hoskins v. State, 425 S.W.2d 825, 828 (Tex. Crim. App.1968)); see Tex. Code Crim.
Proc. Ann. art. 44.12 § 23(b); see also Guajardo v. State, No. 13-03-204-CR, 2004 WL
5434673, at *1 (Tex. App.-Corpus Christi Mar. 11, 2004, no pet.) (mem. op., not
designated for publication). The court of criminal appeals has "long held that a defendant
placed on 'regular' community supervision may raise issues relating to the conviction, such
as evidentiary sufficiency, only in appeals taken when community supervision is originally
imposed." Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); see Chavez v.
State, 139 S.W.3d 43, 52-53 (Tex. App.-Corpus Christi 2004, pet. granted) (differentiating
the two types of community supervision, "regular" and "deferred adjudication community
supervision"), aff'd on other grounds by Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim.
App. 2006).

 The trial court placed Simmons on "regular" community supervision after it
adjudicated guilt, imposed a sentence, and then suspended the sentence. See Chavez,
139 S.W.3d at 52; Tex. Code Crim. Proc. Ann. art. 42.12 § 2(2)(B) (Vernon Supp. 2008). 
Therefore, to appeal the trial court's ruling on his motion to suppress, Simmons must have
appealed at the time community supervision was first imposed. Manuel, 994 S.W.2d at
661. Because Simmons did not appeal at that time and, therefore, appeals only from the
revocation of his community supervision, his first issue is not properly before us, and we
lack jurisdiction to consider it. Id.

III. Bond Order


 In his second issue, Simmons argues that the trial court erred when it imposed
certain conditions on his bond pending appeal. The State asserts that we do not have
jurisdiction over this issue. We agree.

 Texas Code of Criminal Procedure article 44.04 provides for bond pending appeal,
and states, "The right of appeal to the Court of Appeals of this state is expressly accorded
the defendant for a review of any judgment or order made hereunder, and said appeal shall
be given preference by the appellate court." Tex. Code Crim. Proc. Ann. art. 44.04(g)
(Vernon 2006). "This appeal is separate from the appeal of the conviction and punishment,
and it must be perfected by a separate notice of appeal . . . ." Davis v. State, 71 S.W.3d
844, 845 (Tex. App.-Texarkana 2002, no pet.) (citing Ex parte Enriquez, 2 S.W.3d 362,
363 (Tex. App.-Waco 1999, no pet.) (mem. op.) (per curiam)); see Delangel v. State, 132
S.W.3d 491, 494 (Tex. App.-Houston [1st Dist.] 2004, no pet.) ("Because the trial court
necessarily sets such bail after final judgment, however, this appeal is separate from any
appeal of the conviction and punishment and must be perfected by a separate notice of
appeal."); Margoitta v. State, 987 S.W.2d 611, 612 (Tex. App.-Waco 1999, no pet.) (order)
(per curiam) (noting that article 44.04 requires a separate notice of appeal).

 Simmons's notice of appeal did not address this issue, nor does the record contain
a separate notice of appeal. We conclude that we do not have jurisdiction over this issue. 
See Delangel, 132 S.W.3d at 494; Davis, 71 S.W.3d at 845.

IV. Conclusion


 Having determined that we do not have jurisdiction over Simmons's two appellate
issues, we dismiss the appeal for want of jurisdiction.


 __________________________

 GINA M. BENAVIDES,

 Justice


Do not publish.

See Tex. R. App. P. 47.2(b)


Memorandum Opinion delivered and 

filed this the 28th day of August, 2009.