TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00770-CR

NO. 03-12-00006-CR






Jamie Edward Johnson, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT

NO. 09-1868-K368, THE HONORABLE BURT CARNES, JUDGE PRESIDING





O R D E R


PER CURIAM

 Jamie Edward Johnson was convicted of possession of a controlled substance and
sentenced to serve seven and a half years in prison. Johnson filed a notice of appeal in the trial court
giving notice of appeal "from the judgment of conviction and sentence herein rendered against Jamie
Johnson." On that same date, Johnson filed a Motion for Reasonable Bail Pending Appeal, which
was subsequently denied by the trial court. After the trial court denied his motion, Johnson filed an
amended notice of appeal which gives notice of appeal "from the judgment of conviction and
sentence herein rendered against Jamie Johnson as well as all rulings made by the Court including
all rulings on all pretrial and post trial motions, including the Court's Order denying Defendant an
Appeal Bond."

 We docketed a single appeal, Cause Number 03-10-770-CR, and filed both the
original notice of appeal and amended notice of appeal therein. Johnson filed a single brief, raising
ten points of error, the last of which complains about the denial of an appeal bond. The State filed
its brief in response.

 Article 44.04 of the Code of Criminal Procedure allows a convicted defendant to seek 
reasonable bail pending appeal under certain conditions. See Tex. Code Crim. Proc. Ann. art.
44.04(b), (c) (West 2006). The statute also provides for a separate, preferential appeal for
complaints about the trial court's action in denying or setting a bond pending appeal. Id.
art. 44.04(g); see Ortiz v. State, 299 S.W.3d 930, 932 (Tex. App.--Amarillo 2009, no pet.); Davis
v. State, 71 S.W.3d 844, 845 (Tex. App.--Texarkana 2002, no pet.). Such an appeal is separate and
apart from the appeal that the accused takes from the judgment of conviction. Ortiz, 299 S.W.3d at
932; McLain v. State, 269 S.W.3d 191, 194 (Tex. App.--Texarkana 2008, no pet.); Delangel
v. State, 132 S.W.3d 491, 494 (Tex. App.--Houston [1st Dist.] 2004, no pet.). Thus, because an
Article 44.04 appeal is separate from the appeal of the conviction and punishment, it must be
perfected by a separate notice of appeal. Id.

 Although Johnson's second notice of appeal did not complain exclusively of the trial
court's order denying an appeal bond, we will construe his amended notice of appeal as a separate
notice of appeal from the denial of an appeal bond. Thus, we will retain Johnson's notice of appeal
from the order denying an appeal bond in this cause number and file the notice of appeal from the
judgment of conviction in a separate cause, Number 03-12-00006-CR. Normally, separate briefs and
records would be filed regarding the issues presented in each of these separate appeals. Under the
circumstances, however, we will not require the parties to these appeals to redraw their briefs. For
convenience, copies of the parties' briefs will be filed in the new cause, to be considered as the briefs
in the new cause. The clerk's record and reporter's record will be considered as having been filed
in both causes. Because all points have been argued, Cause Number 03-12-00006-CR will be
submitted without further argument on the remaining nine points of error. We will address point of
error ten as a matter of preference under article 44.04(g) in this cause. Id. art. 44.04(g).

 It is so ordered on this the 1st day of February, 2012.


Before Chief Justice Jones, Justices Henson and Goodwin

Do Not Publish