# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00337-CR

**Michael Alexander, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. D-1-DC-13-201709, HONORABLE KAREN SAGE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Michael Alexander was charged with the felony offense of assault family violence, habitual offender. After the amount of bond was set at $500,000, Alexander filed a pretrial application for writ of habeas corpus, seeking to reduce the amount of bond to an unspecified amount below $100,000, an amount which Alexander claimed was "excessive and unreasonable." The district court held a hearing on the application. At the conclusion of the hearing, the district court lowered the bond amount to $200,000 but otherwise denied relief. Alexander has filed a notice of appeal from the district court's ruling from the bench.

It is well established that a written and signed appealable order is a prerequisite to invoking this Court's appellate jurisdiction.[1] No such order appears in the record.[2] We do not have jurisdiction to review the district court's ruling from the bench.[3]

In a case in which there has been a ruling from the bench but no written order has been entered, we would ordinarily treat the notice of appeal as prematurely filed, abate the appeal, and remand the case to the trial court for preparation of an appealable order.[4] In this case, however, there is an additional jurisdictional defect that cannot be cured. While this appeal was pending, Alexander was tried and convicted of the offense for which he was charged.[5] Because Alexander is no longer subject to pretrial confinement, the appeal of the district court's ruling on Alexander's

---

[1] *See* Tex. R. App. P. 26.2(a)(1); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991); *Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd); *Ortiz v. State*, 299 S.W.3d 930, 933 (Tex. App.—Amarillo 2009, no pet.); *State v. Cox*, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no pet.); *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.); *see also Broussard v. State*, No. 01-10-00458-CR, 2010 Tex. App. LEXIS 8360, at *3-5 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (mem. op., not designated for publication) (collecting cases holding that docket-sheet entries and oral rulings from bench do not qualify as appealable orders).

[2] Additionally, the record is lacking a trial-court certification of Alexander's right of appeal. *See* Tex. R. App. P. 25.2(d).

[3] *See State v. Sanavongxay*, 407 S.W.3d 252, 258-59 (Tex. Crim. App. 2012) ("[W]ithout 'an order,' we have no evidence of the required finality of a ruling; an oral ruling is subject to change after further discussion or presentation of contrary law or precedent. Only a writing suffices.").

[4] *See* Tex. R. App. P. 27.1(b); *Dewalt*, 417 S.W.3d at 685 n.32; *Ex parte Crenshaw*, 25 S.W.3d 761, 764 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd); *State v. Rollins*, 4 S.W.3d 453, 454 & n.1 (Tex. App.—Austin 1999, no pet.).

[5] Alexander's appeal from his conviction is currently pending in this Court under appellate cause number 03-14-00290-CR.

pretrial application for writ of habeas corpus has been rendered moot, and we therefore lack jurisdiction to consider it.[6]

We dismiss the appeal for want of jurisdiction.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed: July 18, 2014

Do Not Publish

---

[6] *See Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); *Armendarez v. State*, 798 S.W.2d 291, 291 (Tex. Crim. App. 1990); *Henriksen v. State*, 500 S.W.2d 491, 494 (Tex. Crim. App. 1973); *Delangel v. State*, 132 S.W.3d 491, 494 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Oldham v. State*, 5 S.W.3d 840, 846 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.).