**Opinion issued July 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00500-CR
_____

## EX PARTE NELSON OKWOLISA ILODIGUWE

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1361714**

---

## MEMORANDUM OPINION

On March 14, 2014, appellant Nelson Okwolisa Ilodiguwe was convicted of the felony charge of sexual assault and sentenced to 4 years' imprisonment. Appellant filed a notice of appeal of his conviction on the same day. On April 13, 2014, appellant filed a motion requesting that the trial court set bail pending his

appeal pursuant to Article 44.04(c) of the Texas Code of Criminal Procedure.[1] On April 29, 2014, the trial court entered an order denying the motion to set bail pending appeal. On June 16, 2014, appellant filed a notice of appeal regarding the trial court's denial of bail pending appeal. *See* TEX. R. APP. P. 31 (providing for appellate review of orders in bail proceedings).

Article 44.04 of the Texas Code of Criminal Procedure allows a convicted defendant to seek reasonable bail pending appeal under certain conditions. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(b), (c) (West 2006). The statute also provides for a separate, preferential appeal of the trial court's action in denying or setting a bond pending appeal. *See id.* art. 44.04(g); *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet); *Delangel v. State*, 132 S.W.3d 491, 494 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Such an appeal is separate from the appeal that the accused takes from the judgment of conviction and must be perfected by a separate notice of appeal. *See Ortiz*, 299 S.W.3d at 933; *McLain v. State*, 269 S.W.3d 191, 194 (Tex. App.—Texarkana 2008, no pet.); *Delangel*, 132 S.W.3d at 494.

Under Texas Rule of Appellate Procedure 26.2(a)(1), a notice of appeal must be filed within 30 days after sentence is imposed or suspended in open court or

---

[1] Article 44.04(b) of the Texas Code of Criminal Procedure allows release on bail pending appeal for a felony conviction when punishment does not equal or exceed ten years of confinement so long as the defendant has not been convicted of an offense listed under section 3g(a)(1) of Article 42.12. *See* TEX. CODE. CRIM. PROC. ANN. art. 44.04(b) (West 2006).

after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The appellant may obtain an extension by filing both the notice of appeal and a motion for extension of time within fifteen days after the deadline passes. *See* TEX. R. APP. P. 26.3. The Texas Court of Criminal Appeals interprets Rule 26.3 strictly to require an appellant in a criminal case to file the notice of appeal *and* a motion for extension within the 15–day period for filing a late notice of appeal. *See Olivo v. State,* 918 S.W. 2d 519, 522–26 (Tex. Crim. App. 1996). Appellant has not filed a motion for extension of time in this case.

Here, the trial court entered an order on April 29, 2014 denying appellant's request to set bail. Appellant's notice of appeal was therefore due on May 29, 2014. *See* TEX R. APP. P. 26.2(a)(1). Appellant filed his notice of appeal on June 16, 2014—18 days after the deadline. Because appellant's notice of appeal was not timely, we lack jurisdiction over this appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo,* 918 S.W.2d 522-23.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).